## Case No. 4,021.

**DOUBLEDAY et al. v. SHERMAN et al.**

[3 Fish. Pat. Cas. 369.] [1]

Circuit Court, S. D. New York.   Jan., 1868.

PATENTS—INTERPRETATION—BONNET STRETCHERS.

The invention covered by letters patent issued to William Osborn, August 19, 1856, and reissued May 29, 1866, consists in shaping, by means of heated dies, the whole of a bonnet frame or other similar article, to be worn upon the head, at one operation instead of requiring several successive operations, as had been previously practiced. Prior to the invention of Osborn the forming of the flaring face-piece and side-crown of a bonnet, jointly, at one operation, had never been effected.

This was a bill in equity filed [by William E. Doubleday and John Stewart] to restrain the defendants [Frederick Sherman and Henry Boas] from infringing letters patent for an "improvement in machines for pressing bonnets, bonnet frames," etc., granted to William Osborn, August 19, 1856, reissued to him February 17, 1857, and again March 27, 1860, assigned to complainants and reissued to them May 29, 1866.

This patent was before the court in the case of Doubleday v. Bracheo [Case No. 4,018]. The claims of the original patent and the reissues of 1857 and 1860 will be found in the report of that case. The claims of the reissue of May, 1866, are as follows:

"I. Manufacturing, stretching, or shaping, by means of heated dies, the whole of the bonnet frame (or similar article, to be worn upon the head), at one operation, substantially as specified.

"II. Manufacturing by stretching, forming, or shaping, by heated dies, the flaring face-piece and side-crown of a bonnet, or similar article, to be worn upon the head, jointly, at one operation, substantially as specified."

D. S. Riddle, for complainants.

J. W. R. Bromly, for defendants.

BLATCHFORD, District Judge. This is a final hearing on a bill in equity, founded on letters patent reissued to the plaintiffs, May 29, 1866, for an "improvement in machines for pressing bonnets, bonnet frames," etc. The original letters patent were issued to William Osborn, August 19, 1856. They were reissued to Osborn, February 17, 1857, and again reissued to Osborn, March 27, 1860. The invention consists in shaping, by means of heated dies, the whole of a bonnet frame, or other similar article, to be worn upon the head, at one operation, instead of requiring several successive operations, as had been previously practised. In the apparatus of Osborn, there is a given die of marble, or other material, and an upper die of cast iron, or other material, the latter so arranged with a rim or flange around the lower edge as to hold heaters all around it to make it hot enough to press the articles. The bonnet

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

frame is put on to the lower die and the upper die is brought against the frame by mechanism, and the frame is thus pressed all over at the same time by one impression. Prior to the invention of Osborn, the forming of the flaring face-piece and side-crown of a bonnet, jointly, at one operation, had never been effected. The patent disclaims forming or shaping the tip and side-crown, or crown, separately, and forming the brim or flaring face-piece separately. The claims are:

"I. Manufacturing, stretching, or shaping, by means of heated dies, the whole of the bonnet frame, or similar article to be worn upon the head, at one operation, substantially as specified.

"II. Manufacturing by stretching, forming, or shaping by heated dies. the flaring face-piece and side-crown of a bonnet or similar article, to be worn upon the head, jointly, at one operation, substantially as specified."

The proof is clear that the defendants have infringed the patent by using, for the making of bonnet frames at one operation out of a single piece of material, the same means that are covered by the claims of the patent. There has been no attempt on the part of the defendants to prove any of the defenses of want of novelty set up in the answer.

A decree must be entered for a perpetual injunction against the defendants from further infringing the patent, and for a reference to a master to ascertain and report the profits which have accrued to them from their infringement.

[NOTE. A motion to dissolve the injunction and open the decree in this case was afterwards denied (Case No. 4,019); and subsequently defendant Boas was prosecuted for contempt in violating the injunction (Case No. 4,020). For other cases involving the patent. see note to Doubleday v. Bracheo, Case No. 4,018.]